Lincoln J.
delivered the opinion of the Court. This case comes before us upon exceptions filed, pursuant to the statute, to the opinion, in matter of law, of a judge of the Court of Common Pleas, before whom the action was tried by a jury ; and we are thus called upon to revise the judgment which was there rendered. The exceptions present a precise abstract question of law for consideration, namely, whether upon an entire contract for a term of service for a stipulated sum, and a part-performance, without any excuse for neglect of its completion, the party guilty of the neglect can maintain an action against the party contracted with, foi an apportionment of the price, or a quantum meruit, for the services actually performed. Whatever may be the view properly taken of the contract between the parties in the case at bar, the point upon which it was ruled in the court below embraced but this single proposition. The direction to the jury was, “ that although proved to them, that the plaintiff agreed to serve the defendant for an agreed price for a year, and had voluntarily left his service before the expiration of that time, and without the fault of the defendant, and against his consent, still the plaintiff would be entitled to recover of the defendant, in this action, a sum in proportion to the time he had served, deducting therefrom such sum, (if any,) as the jury might think the defendant had suffered by having his service deserted.” If this direction was wrong, the judgment must be reversed, and the case sent to a new trial, in which the diversity of construction given to the character and terms of the contract by the counsel for the respective panics may be a subject for distinct consideration.
*289 It cannot but seem strange to those who are in any degree familiar with the fundamental principles of law, that doubts should ever have been entertained upon a question of t:iis nature. Courts of justice are eminently characterized by their obligation and office to enforce the performance of contracts, and to withhold aid and countenance from those who seek, through their instrumentality, impunity or excuse for the violation of them. And it is no less repugnant to the well established rules of civil jurisprudence, than to the dictates of moral sense, that a parly who deliberately and understandingly enters into an engagement and voluntarily breaks it, should be permitted to make that very engagement the foundation of a claim to compensation for services under it. The true ground of legal demand in all cases "of contracts between parties is, that the party claiming has done all which on his part was to be performed by the terms of the contract, to entitle him to enforce the obligation of the other party. It is not sufficient that he has given to the party contracted with, a right of action against him. The ancient doctrine on this subject, which was carried to such an absurd extent as to allow an action for the stipulated reward for a specified service, under a total neglect of performance, leaving the other party to his remedy for this neglect, by an action in turn, has been long since wisely exploded, and the more reasonable rule before stated, in late decisions, is clearly established.
Upon examining the numerous authorities, which have been collected with great industry by the counsel for the plaintiff, it will be found, that a distinction has been uniformly recognised in the construction of contracts, between those in which the obligation of the parties is reciprocal and independent, and those where the duty of the one may be considered as a condition precedent to that of the other. In the latter cases, it is held, that the performance of the precedent oHigation can alone entitle the party bound to it, to his action. Indeed the argument of the counsel in the present case has proceeded entirely upon this distinction, and upon the petitio principii in its application. It is assumed by him, that the service of the plaintiff for a year was not a condition precedent to his right to a proportion of the stipulated compensation for that entire *290 term of service, but that upon a just interpretation of the cor-tract, it is so far divisible," as that consistently with the terms of it, the plaintiff, having labored for any portion of the time, may receive compensation pro tanto. That this was the intention of the parties is said to be manifest from the fact found in the case, that the defendant from time to time did in fact make payments expressly toward this service. We have only to observe upon this point in the case, that how ever the parties may have intended' between themselves, we are to look to the construction given to the contract by the court below. The jury were not instructed to inquire into the meaning of the parties in making the contract. They were instructed, that if the contract was entire, in reference alike to the service arid the compensation, still by law it was so divisible in the remedy, that the party might recover an equitable consideration for his labor, although the engagement to perform it had not been fulfilled. The contract itself was not discharged; it was considered as still subsisting, because the loss sustained by the defendant in the breach of it was to be estimated in the assessment of damages to the plaintiff. A proposition apparently more objectionable in terms can hardly be stated, and if supported at all it must rest upon the most explicit authority. The plaintiff sues in indebitatus assumpsit as though there was no special contract, and yet admits the existence of the contract to affect the amount he shall recover. The defendant objects to the recovery of the plaintiff the express contract which has been broken, and is himself charged with damages for the breach of an implied one which he never entered into. The rule that expressum facit cessare taciturn, is as applicable to this, as to every other case. If the contract is entire and executory, it is to be declared upon. Where it is executed and a mere duty to pay the stipulated compensation remains, a general count for the money is sufficient. Numerous instances are indeed to be found in the books, of actions being maintained where the specific contract has not been executed by the party suing for compensation, but in every case it will be seen that the precise terms of the contract have been first held, either to have oeen expressly or impliedly waived, or the non-execution ex ■ *291 cused upon some known and settled principle of law. Such was the case in Burn v. Miller, 4 Taunt. 744; Thorp v. White & al., 13 Johns, R. 53 ; and in most of the cases cited by the plaintiff’s counsel, in which the decision was had upon considering the obligation of the party to execute the contract, and not upon the construction of the contract itself. Nothing can be more unreasonable than that a man, who deliberately and wantonly violates an engagement, should be permitted to seek in a court of justice an indemnity from the consequences of his voluntary act; and we are satisfied that the law will not allow it.
That such a contract as is supposed in the exceptions before us, expresses a condition to be performed by the plaintiff precedent to his right of action against the defendant, we cannot doubt. The plaintiff was to labor one year for an agreed price. The money was to be paid in compensation for the service, and not as a consideration for an engagement to serve. Otherwise, as no precise time was fixed for pay ment, it might as well be recovered before the commencement of the labor or during its progress, as at any subsequent period. While the contract was executory and in the course of execution and the plaintiff was in the employ of the defendant, it would never have been thought an action could be maintained for the precise sum of compensation agreed upon for the year. The agreement of the defendant was as entire on his part to pay, as that of the plaintiff to serve. The latter was to serve one year, the former to pay one hundred and twenty dollars. Upon the construction contended for by the plaintiff’s counsel, that the defendant was to pay for any portion of the time in which the plaintiff should labor, in the same proportion to the whole sum which the time of labor done should bear to the time agreed for, there is no rule by which the defendant’s liability can be determined. The plaintiff might as well claim his wages by the month as by the year, by the week as by the month, and by the day or hour as by either. The responsibility of the defendant would thus be affected in .a manner totally inconsistent with the terms of his agreement to pay for a year’s service in one certain and entire amount. Besides, a construction to this effect is *292 utterly repugnant to the general understanding of the nature of such engagements. The usages of the country and common opinion upon subjects of this description are especially to be regarded, and we are bound judicially to take notice of that of which no one is in fact ignorant. It may be safe to affirm, that in no case has a contract in the terms of the one under consideration, been construed by practical men to give a right to demand the agreed compensation, before the performance of the labor, and that the employer and employed alike universally so understand. it. The rule of law is in entire accordance with this sentiment, and it would be a flagrant violation of the first principles of justice to hold it otherwise.
The performance of a year’s service was in this case a condition precedent to the obligation of payment. The plaintiff must perform the condition, before he is entitled to recover any thing under the contract, and he has no right to renounce his agreement and recover upon a quantum meruit. The cases of M'Millan v. Vanderlip, 12 Johns R. 165, Jennings v. Camp, 13 Johns. R. 94, and Reab v. Moor, 19 Johns. R. 337, are analogous in their circumstances to the case at bar and are directly and strongly in point. The decisions in the English cases express the same doctrine, Waddington v. Oliver, 2 New Rep. 61 ; Ellis v. Hamlen, 3 Taunt. 52 ; and the principle is fully supported by all the elementary writers.
But it has been urged, that whatever may be the principle of the common law, and the decisions in the courts of New York on this subject, a different rule of construction has been adopted in this commonwealth ; and we are bound to believe that such has sometimes been the fact, from the opinion of the learned and respectable judge who tried this cause, and from instances of similar decisions cited at the bar, but not reported. The occasion of so great a departure from ancient and well established principles cannot well tie understood. It has received no sanction at any time from the judgment of this Court within the period of our Reports. As early as the second volume of Massachusetts Reports, in the case of Faxon v. Mansfield, the common law doctrine in relation to dependent covenants was recognised and applied, *293 and in several subsequent cases it has been repeated and uniformly adhered to.* [1] The law indeed is most reasonable in itself. It denies only to a party an advantage from his own wrong. It requires him to act justly by a faithful performance of his own engagements, before he exacts the fulfilment of dependent obligations on the part of others. It will not admit of the monstrous absurdity, that a man may voluntarily and without cause violate his agreement, and make the very breach of that agreement the foundation of an action which he could not maintain under it. Any apprehension that this rule may be abused to the purposes of oppression, by holding out an inducement to the employer, by unkind treatment near the close of a term of service, to drive the laborer from his engagement, to the sacrifice of his wages, is wholly groundless.
It is only in cases where the desertion is voluntary and without cause on the part of the laborer, or fault or consent on the part of the employer, that the principle applies. Wherever there is a reasonable excuse, the law allows a recovery. To say that this is not sufficient protection, that an excuse may in fact exist in countless secret and indescribable circumstances, which from their very nature are not susceptible of proof, or which, if proved, the law does not recognise as adequate, is to require no less than that the law should presume what can never legally be established, or should admit that as competent, which by positive rules is held to be wholly immaterial. We think well established principles are not thus to be shaken, and that in this commonwealth more especially, where the important business of husbandry leads to multiplied engagements of precisely this description, it should least of all be questioned, that the laborer is worthy of his hire, only upon the performance of his contract, and as the rewaid of fidelity.[1]
*294 The judgment of the Court of Common Pleas is reversed, and a new trial granted at the bar of this Court.*

 See Byrd v. Boyd, 4 M'Cord, 246 ; Willington v. West Boylston, 4 Pick. 103 ; Chandler v. Thurston, 10 Pick. 209 ; Shaw v. Turnpike Co., 2 Penn. 454 , M‘Clure v. Pyatt, 4 M'Cord, 26.

 Huttman v. Boulnois, 2 Carr. & Payne, 510; Appleby v. Dods, 8 East, 300 ; Per Lawrence J. in King v. Whittlebury, 6 T. R. 467 ; Dalton’s Just. c. 58; 5 Burn’s Just 183 ; 3 Stark. Ev. (4th Am. ed.) 1765, et. seq. It is held in England, that if a yearly servant be dismissed by his master before the year exuires, for such misconduct as will justify his dismissal, the servant *294 is not entitled to any wages for the time during which he served. Turner v. Robinson, 6 Carr. & Payne, 15; Atkin v. Acton, 4 Carr, & Payne, 208 ; Callo v. Brouncker, 4 Carr. & Payne, 518 ; Turner v. Robinson, 5 Barn. & Adol. 789 ; S. C. 2 Nev. & Mann. 829 ; Chit. Gen. Pract. 81, 82. But it would seem, that in South Carolina the master could not thus disentitle his hired laborer to wages, at least so far as his services have been beneficial, though the laborer had been dismissed for a justifiable cause. Eaken v. Harrison, 4 M‘Cord, 249 ; Byrd v. Boyd, id. 246. See also Per Daggett C. J. in Champion v. Hartshorn, 9 Conn. R. 574.

 See Moses v. Stevens, post, 332.